# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLA WELLS,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　　　　　Defendant. | CASE NO. 11-CV-02583-GPC (PCL)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>[Dkt. Nos. 14, 19] |

## INTRODUCTION

On November 4, 2011, Plaintiff filed this action pursuant to Section 405 of the Social Security Act ("Act"). 42 U.S.C. § 1383(c). Plaintiff seeks judicial review of the Commissioner of Social Security Administration's ("Commissioner's") final decision denying Plaintiff's application for Supplemental Security Income ("SSI") under Title XVI of the Act. (Complaint, ECF No. 1.) The matter before the Court is the Report and Recommendation ("Report") filed by United States Magistrate Judge Peter C. Lewis recommending that Plaintiff's Motion for Summary Judgment (ECF No. 14) be granted in part and Defendant's Cross-Motion for Summary Judgment (ECF No. 19) be denied. (ECF No. 21.) After careful consideration of the pleadings and relevant exhibits submitted by the parties, and for the reasons set forth below, this Court **ADOPTS** the Magistrate Judge's Report in its entirety. It is further ordered that this

action be remanded to the Social Security Administration for further consideration consistent with this opinion.

### **BACKGROUND**[1]

On March 31, 2008, Plaintiff filed an application for SSI benefits with the Commissioner, alleging disability beginning on January 4, 2008, due to epilepsy, brain surgery, bipolar disorder, and high blood pressure. (Administrative Record ("A.R.") 96-102, 151.) Plaintiff's claim was denied at the initial level and again upon reconsideration. (A.R. 48-52, 57-61.) On February 16, 2010, Plaintiff appeared with counsel and testified before Administrative Law Judge ("ALJ") Larry B. Parker. On March 19, 2010, the ALJ issued a written decision finding that Plaintiff was not disabled under Section 1614(a)(3)(A) of the Act from January 4, 2008 through March 19, 2010. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for a review of the decision on September 7, 2011.

On November 4, 2011, Plaintiff commenced the instant action seeking judicial review of Defendant's decision. (Complaint, ECF No. 1). On September 12, 2012, Plaintiff filed a Motion for Summary Judgment. (ECF No. 14.) On October 4, 2012, Defendant filed a Cross-Motion for Summary Judgment. (ECF No. 19.) On March 20, 2013, the Magistrate Judge issued a Report recommending that Plaintiff's Motion for Summary Judgment be granted in part, Defendant's Cross-Motion for Summary Judgment be denied, and that the case be remanded for further review by the Commissioner. (ECF No. 21.) The docket reflects that no objections to the Report have been filed by either party by the April 17, 2013 deadline. (*See id.*)

/ / / /

/ / / /

/ / / /

---

[1] The underlying facts set forth in the Report are adopted *in toto* and referenced as if fully set forth herein. This Court provides only a brief procedural background.

- 2 -    11-CV-02583-GPC (PCL)

# DISCUSSION

## I. Legal Standard

The district court's duties in connection with a Report of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a Report to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 114, 1121-22 (9th Cir. 2003) (en banc). When no objections are filed, the Court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. *Campbell v. United States Dist. Court,* 501 F.2d 196, 206 (9th Cir. 1974); *Johnson v. Nelson*, 142 F. Supp. 2d 1215, 1217 (S.D. Cal. 2001). A court "will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citations omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as reasonable to support a conclusion. *Id*. The "evidence must be more than a mere scintilla but not necessarily a preponderance." *Connett v. Barnhart*, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Finally, the court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that "the ALJ's error was 'inconsequential to the ultimate nondisability determination.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (quoting *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)).

/ / / /

/ / / /

## II. Analysis

The Court received no objections to the Report and no requests for an extension of time to file any objections. As such, the Court assumes the correctness of the magistrate judge's factual findings and adopts them in full. *See Campbell*, 501 F.2d at 206. The Court has conducted an independent review of the Report and all relevant papers submitted by both parties, and finds that the Report provides a cogent analysis of the claims presented in Plaintiff's Motion for Summary Judgment and Defendant's Cross-Motion for Summary Judgment.

### A. The ALJ's Finding that Plaintiff's Depression was Non-Severe is Harmless Error.

After reviewing the Report, the administrative record, and the submissions of the parties, the Court finds that the Magistrate Judge correctly determined that the ALJ's severity analysis of Plaintiff's depression symptoms at Step 2 of the Sequential Evaluation Process (ECF No. 14 at 6) "does contain error, but that such error was ultimately harmless." (Report, ECF No. 21 at 19.) At Step 2 of the instant case, the ALJ does not cite any medical records substantiating his conclusion that Plaintiff's mental health impairments are non-severe. (*Id.* at 20 (citing 20 C.F.R. § 404.1520a(b-e).) The Magistrate Judge correctly states: "[Since] Step 2 operates as a de minimus threshold inquiry . . . [t]he ALJ's lack of explanation at Step 2 is therefore error in applying the sequential evaluation process. However, Plaintiff's concern that Dr. Nicholson's report was not properly incorporated at Step 2 is ultimately harmless since Plaintiff's claim proceeded to Step 5 rather than being denied at Step 2." *Id*. (citing *Lewis v. Astrue*, 498 F.3d 909, 910 (9th Cir. 2007); *see Robbins*, 466 F.3d at 885.

### B. The ALJ's Residual Functional Capacity Determination is Deficient.

The Magistrate Judge correctly concluded that the ALJ's Residual Functional Capacity ("RFC") determination at Step 4 is not deficient as a result of the ALJ's failure to use Dr. Nicholson's report. (Report, ECF No. 21 at 21.) Plaintiff has the burden of proving that any alleged error was harmful. *See Shinseki v. Sanders*, 556

1  U.S. 396, 409 (2009) (citations omitted).  The ALJ specifically cites Dr. Nicholson's
2  report several times in his decision (*see* A.R. 22-23) and Plaintiff fails to demonstrate
3  how the report was not afforded proper weight. (Report, ECF. No. 21 at 22.)
4        The RFC is defective, however, for failing to take into account Ms.
5  Zimmerman's Third Party Functional Report into account. *Id*.  The ALJ is obliged to
6  consider all of the evidence in the record, including statements from friends and family.
7  20 C.F.R. § 404.953(a).  Further, the ALJ is required to consider all evidence from
8  acceptable non-medical sources regarding a claimant's ability to work.  *See* 20 C.F.R.
9  § 404.1513(d)(4); *Sprague v. Bowen*, 812 F.2d. 1226, 1232 (9th Cir. 1987).  The
10 Magistrate Judge correctly concluded that the ALJ's failure to address Ms.
11 Zimmerman's report is significant legal error warranting remand for reconsideration
12 of that evidence pursuant to Section 405 of the Act (42 U.S.C. § 1383(c)). *Lewis*, 498
13 F.3d at 503; *see also Quitana v. Astrue*, 2010 WL 3397411 (E.D. Cal. 2010); *Vang v.*
14 *Astrue*, 2010 WL 2943153 (E.D. Cal. 2010); *Zueger v. Astrue*, 2010 WL 3984807
15 (C.D. Cal. 2010) (remanding cases for reconsideration where the ALJ failed to
16 consider relevant lay testimony).  On remand, the ALJ is required to take into account
17 Ms. Zimmerman's statements when making his RFC determination.  *See* 20 C.F.R.
18 § 404.1545(e).

## CONCLUSION AND ORDER

20     For the reasons set forth above, **IT IS HEREBY ORDERED** that:
21     1.    The findings and conclusions of the Magistrate Judge presented in the
22         Report and Recommendation are **ADOPTED** in their entirety;
23     2.    Plaintiff's Motion for Summary Judgment is GRANTED in part; and
24     3.    Defendant's Cross-Motion for Summary Judgment is DENIED.
25 / / / /
26 / / / /
27 / / / /
28 / / / /

1  **IT IS FURTHER ORDERED** that this action be remanded to the
2  Commissioner of the Social Security Administration for a new hearing before an
3  administrative law judge for reconsideration consistent with this opinion.  The Clerk
4  of Court shall enter judgment in accordance with this Order.
5      IT IS SO ORDERED.
6  DATED: June 11, 2013

HON. GONZALO P. CURIEL
United States District Judge